GEORGE BORK, Appellant, *v.* THE CITY OF BUFFALO et al., Respondents.

The provision of the charter of the city of Buffalo, which prohibits said city from entering into a contract for any work or improvement, with certain exceptions, at a price exceeding $500, "until the assessment therefor has been confirmed" (§ 19, tit. 9, chap. 519, Laws of 1870, as amended by § 20, chap. 181, Laws of 1885), does not apply to the board of park commissioners of said city or to the contracts made by them.

Said provision has reference to contracts made by the regular officers of the municipal government and not to those made by a separate department possessing independent corporate powers.

(Argued April 13, 1891; decided April 28, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of October, 1888, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This is an action to restrain the defendant, the city of Buffalo, from confirming, collecting or enforcing a local assessment for paving Fillmore avenue in said city and to restrain all of the defendants from entering or continuing upon said avenue for the purpose of paving the same.

The parties stipulated and the trial court found, as facts, that during the year 1886 the plaintiff owned various parcels of land adjoining said avenue, which belongs to the park system of said city and is under the sole jurisdiction and supervision of the board of park commissioners. On the 4th of May, 1886, said commissioners, by resolution, declared their intention to order that said avenue be paved with asphalt pavement in accordance with the plans and specifications on file in their office and directed the proper officer to advertise for proposals to do the work and to cause notice of such intention to be duly published. They also designated May twenty-fifth as the time for hearing all persons interested in the work. Said notice was duly published as required by law, but no person appeared at the time appointed in opposition to the proposed improvement. A proposition from the defendant Barber to do the work for $173,355.94 was received, accepted and the contract awarded accordingly, and the president and secretary were authorized to enter into a contract with him to complete the pavement for that sum. May twenty-ninth a contract was executed by the president only, in behalf of the park commissioners, who on the same day notified the common council of the fact and that there was then in the general fund $86,667.97 to be applied in payment for said work and that it would be necessary for that body to raise by local tax as much more " to be assessed, levied and collected upon the property adjacent to Fillmore avenue and benefited thereby in accordance with" the statute in such case made and provided.

Thereupon, the common council determined by resolution, approved by the mayor, that the amount to be assessed for said improvement was the sum of $86,667.97, and directed the assessors to assess the same upon the adjacent property benefited. In the meantime the contractor had entered upon the performance of the contract. The assessors made the assessment and assessed the sum of $9,830.89 upon the lands of the plaintiff, but the assessment-roll had not been "confirmed" at the time when said contract was awarded and signed. The court further found that "all the proceedings required by law to be had and taken in respect to said assessment were duly had and taken," and dismissed the complaint upon the ground that said assessment-roll did not require confirmation by the common council before a contract for the work could be legally entered into, and that the assessment upon plaintiff's lands was in all respects regular and valid.

*Moses Shire* for appellant. The contract being illegal and void, the defendant Barber's occupation of the street and tearing up of the same, was entirely without authority and illegal. He being a mere trespasser, tearing up the street in front of the plaintiff's premises, the plaintiff was entitled to an injunction restraining him from proceeding with the work. (Laws of 1870, chap. 519, § 19.) In no case could the park commissioners or the city of Buffalo enter into any contract for the paving of any streets under the park system, or any other streets in the city of Buffalo, unless the means for paving such streets had been provided for by an assessment pursuant to such section 19. (Laws of 1870, chap. 519, §§ 19, 23, 28.)

*W. F. Worthington* and *Frank C. Laughlin* for respondent. The charter confers upon the board of park commissioners power and authority to proceed with an improvement of the character in question without waiting for the confirmation of the assessment-roll by the common council. (Laws of 1870, chap. 519, §§ 19, 22, 23, 28; *A. Co.* v. *Mayor, etc.*, 55 N. Y. 495; *Hersey* v. *City of Buffalo*, 1 Sheld. 445.) Even if the

contracts were void, that would not render the assessment-roll invalid. (*People ex rel.* v. *Mayor, etc.,* 5 Barb. 43; Cooley on Tax. [2d ed.] 671; *Lyth* v. *City of Buffalo,* 48 Hun, 175.) Conceding that the plaintiff might have an action should this assessment-roll be confirmed by the common council, and take the necessary steps to get into the treasurer's office, and thereby become a lien upon the plaintiff's property, yet his action is premature, for there is no lien or cloud upon his title at the commencement thereof; and the law is well settled that a court of equity will not interfere to set aside an assessment, except upon the ground of fraud, or upon the ground that the same is a cloud upon the plaintiff's title. (*Guest* v. *City of Brooklyn,* 69 N. Y. 506; *Kilbourn* v. *St. John,* 59 id. 25.)

VANN, J. The plaintiff claims that the contract entered into by the park commissioners for the paving of Fillmore avenue is invalid, because the assessment therefor had not been previously confirmed by the common council. This claim is based upon a section of the charter of the city of Buffalo, which prohibits that city from entering into a contract for any work or improvement, with certain immaterial exceptions, at a price exceeding five hundred dollars, "until the assessment therefor has been confirmed." (L. 1870, ch. 519, p. 1205, §19, as amended by L. 1885, ch. 181, p. 325, § 20.) The main question arising upon this appeal is whether that section applies to the board of park commissioners and prevents them from contracting without a previous confirmation of the assessment.

The park commission was organized by chapter 165 of the Laws of 1869, entitled "An act to authorize the selection and location of certain grounds for public parks in the city of Buffalo, and to provide for the maintenance and embellishment thereof." This act formed no part of the city charter and was in no way dependent thereupon. It created an independent department of the city government and clothed it with power to locate parks, to lay out approaches thereto, to appropriate and condemn lands for these purposes, to make rules for the regulation, government and protection of the parks

and provided an elaborate system of procedure to enable the commission to create, embellish and maintain parks with appropriate approaches for the benefit of the city. The powers thus confided to the commission were to be exercised independently, without the consent or approval of any other body or officer. The year after the passage of this statute the city charter was completely revised, but no part of the act of 1869 was incorporated therein, and the park commissioners were not included among the officers of the city. (L. 1870, ch. 579.) The charter and the park commission act continued to be separate, although one or the other was amended almost every year, until 1885, when the provisions of the latter were, in substance, added to one of the titles of the former. (L. 1885, ch. 181, pp. 326, 330.) The provisions added, however, were no more inter-dependent with the remaining provisions of the charter than the separate acts had been prior to the consolidation. The apparent object of such addition was to have all laws relating to the city government in its various departments embraced in a single statute for the sake of convenience. The park commissioners were not made city officers, but were still given "sole and exclusive power by contract or otherwise to open, grade, construct, repair and maintain the roadways" and approaches to the different parks, without leave or license from common council or other agency of the city and even without the assent of the adjacent owners. They were required, whenever any part of the work was assessable locally, to publish in the official paper notice of their intention to make the proposed improvement, for a specified time, and after that to hear all interested persons upon the question of whether the work should be done or not. It is not probable that the legislature intended to provide for two hearings upon the same question, one before the park commissioners and the other before the common council, or, by implication only, to confer upon the latter body the power to determine that an improvement ordered by the former should not be made. This would be inconsistent with "the sole and exclusive power" conferred upon the park commissioners with reference to the subject of

parks and their approaches.   The object of section nineteen of title nine of the charter was to provide for a hearing after confirmation of an assessment, so that the common council could then determine, when all persons interested had been heard, whether to go on with the work, or abandon the enterprise. That section, as we think, applies exclusively to the regular municipal government and to the contracts made by it, through its common council, because it would enable that body to decide intelligently and before it was too late to recede, the question submitted to its exclusive jurisdiction whether a public improvement, devised by it and for which it only was responsible should be contracted for or not.   We do not think that it applies to the park commissioners or to the contracts made by them, because the common council has no power to decide whether such contracts are to be made or not, as the entire subject is expressly committed to an independent department of the city government.   The only duty of the common council in the matter is to raise by local assessment one-half the cost of such improvements as the park commissioners may determine upon, not exceeding, however, the limitation of the statute as to amount.   While section nineteen says that " the city shall not enter into a contract" until the assessment has been confirmed, the history and nature of the two acts referred to show that the reference is to the city as governed by the mayor and common council, and not to the park department.

The interpretation of a statute should accord with its meaning and a liberal rather than a literal construction should prevail when it leads to a discovery of the real intention of the legislature.   (Dwar. on Stat. 690 ; Ploud. 205.)

The contract as embraced in the written proposal and the resolution of acceptance was between the defendant Barber and the park commissioners, not between the city and Barber. While the written agreement was in form between " the city of Buffalo by the park commissioners," it was notwithstanding the contract of the commissioners, as an independent department of the city, as appears from the reference therein to the proceedings of the board upon which it depended for validity.

As the city was to pay for the work and to have the sole bene-fit thereof, the contract was its contract in that sense, but not within the meaning of said section nineteen, which refers to contracts made by the regular officers of the municipal gov-ernment, and not to those made by a separate department possessing independent corporate powers. The subject has been so fully considered by the learned General Term as to require no further discussion on our part.

The judgment should be affirmed, with costs.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Judgment affirmed.